VINCENT v. JOLINE et al.

(Supreme Court, Appellate Term. May 27, 1909.)

STREET RAILROADS (§ 114*)—COLLISION—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for damages for injury to a van, caused by a collision with a street car, evidence *held* to warrant a finding that the accident was caused by contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles S. Vincent against Adrian S. Joline and Douglas Robinson, as receivers. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Anthony J. Ernest, for appellants.

Bernard S. Deutsch (Henry A. Friedman, of counsel), for respondent.

LEHMAN, J. The plaintiff seeks to recover damages for injury to a van, caused by a collision with a street car operated by the defendants. None of the plaintiff's witnesses testify that any attempt was made to look for the approach of street cars. It appears that the van was very large, and that, while the driver could look around, it was not easy to do so. The sole serious question in this case was whether the plaintiff had shown his freedom from contributory negligence. The defendants deny any knowledge of the whole occurrence. Therefore the conditions under which the van was struck must be gathered from the evidence of the plaintiff and the two witnesses with him at the time of the accident.

The van appears to have been a large moving van, drawn by slow horses. The collision occurred on the Madison Avenue bridge just south of 138th street. The plaintiff was bound for a lumber yard at the east entrance of the bridge. He crossed the bridge on the right-hand, east-bound track. In order to enter the lumber yard, he was obliged to swing his van to the left, or towards the west-bound track, and then swing over to the east to avoid too sharp a turn. While making this swing, and just before his right wheel had left the right-hand track, the car struck his wagon over the right wheel, slid on, hit his horse, and then proceeded on its way. Obviously, since the hole in

---

the wagon was on the right side and the car then hit the horse, the van was turned at least slightly to the right, and was about to cross the track to leave it towards the right. It appears to me too clear for discussion that where a wagon has been crossing a bridge on the street car tracks on the right, and then swings out towards the left, preparatory to making a turn, any driver exercising reasonable care could and would look back to see whether a car might be approaching before he makes the turn. A motorman, seeing a van in front of his car swing off towards the left, might well suppose that the van was leaving its track entirely, and proceed on his way without considering whether the van would then make a turn back. The plaintiff has certainly shown no freedom from contributory negligence. On the contrary, the evidence might well warrant a finding that the accident was caused entirely by his negligence.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

DAYTON, J., concurs.

SEABURY, J. I dissent. The only questions involved were questions of fact, and I think the decision of the lower court should not be disturbed.